POLEN, J.
 

 Appellant, Cedric Adams, appeals the trial court’s order denying his petition for removal of sex offender registration re
 
 *954
 
 quirement and order denying his amended motion for rehearing and request for oral argument and motion for leave to amend petition. We affirm the trial court’s orders insofar as Adams neglected to exhaust his administrative remedies under the statute that is most applicable to his situation. However, we also reverse in part because the trial court should have allowed Adams leave to bring a petition for writ of mandamus instead of dismissing Adams’ petition completely.
 

 In 1997, when Adams was a teenager, he was convicted in Washington State of third degree child molestation for engaging in consensual sexual relations with a younger teenage girl. Upon his petition, a Washington court agreed to lift the requirement that Adams register as a sexual offender. Adams subsequently moved to Florida where he petitioned the Circuit Court of Broward County to remove the requirement that he register as a sexual offender in Florida pursuant to section 943.04354(1), Florida Statutes (2007), which provides:
 

 (I) For purposes of this section, a person shall be considered for removal of the requirement to register as a sexual offender or sexual predator only if the person:
 

 (a)Was or will be convicted or adjudicated delinquent of a violation of s. 794.011, s. 800.04, or s. 847.0135(5) or the person committed a violation of s. 794.011, s. 800.04, or s. 847.0135(5) for which adjudication of guilt was or will be withheld, and the person does not have any other conviction, adjudication of delinquency, or "withhold of adjudication of guilt for a violation of s. 794.011, s. 800.04, or s. 847.0135(5);
 

 (b) Is required to register as a sexual offender or sexual predator solely on the basis of this violation; and
 

 (c) Is not more than 4 years older than the victim of this violation who was 14 years of age or older but not more than 17 years of age at the time the person committed this violation.
 

 § 943.04354(1), Fla. Stat. (2007).
 

 The trial court denied Adams’ petition based on its determination that section 943.04354 was limited to convictions under Florida statutes and did not reference convictions for analogous offenses in other states.
 

 Adams moved for rehearing and for leave to amend his petition. In his motion for rehearing, Adams argued that the trial court’s denial of his original petition violated his constitutional rights under the Full Faith and Credit Clause and the Equal Protection Clause of both the United States and Florida Constitutions. In his motion for leave to amend his petition, Adams explained that he was entitled to relief under section 943.0435(1l)(b), which allows for an offender’s registration requirement to be lifted in Florida once the offender submits to the Florida Department of Law Enforcement (FDLE) an order, from the court which originally designated the individual a sexual offender, stating that such designation has been removed.
 
 [1]
 
 § 943.0435(11) (b), Fla. Stat. (2007).
 

 
 *955
 
 The trial court denied Adams’ motions, noted that section 943.0435(ll)(b) was more applicable, directed Adams to petition the FDLE and to provide them with the Washington order lifting the registration requirement. The court also noted that if the FDLE refused to lift Adams’ registration requirement, Adams could file a petition for writ of mandamus in the appropriate circuit court.
 

 Instead of proceeding on the trial court’s advice, Adams appealed to this court. We hold that litigating under section 943.04354(1) was premature. Adams must first exhaust his administrative remedies under section 943.0435(ll)(b), which is the statute more tailored to Adams’ situation, by petitioning the FDLE and perhaps even filing a petition for writ of mandamus with the circuit court. We reverse the trial court’s order to the extent that the court denied Adams’ petition outright and refused to grant Adams leave to file a petition for writ of mandamus.
 

 Thus, we need not reach the constitutional/full faith and credit issues Adams has raised on appeal. Also, we note that neither the trial court’s dismissal nor our decision is a determination on the merits under section 943.04354(1) and thus should not be construed to potentially bar Adams from bringing another claim under section 943.04354(1) if necessary in the future.
 

 Finally, on remand this case should be transferred to the criminal court as the statute at issue is within Title XLVII Criminal Corrections and Procedure.
 

 Ajfirmed in part, reversed in part, and remanded.
 

 GERBER and LEVINE, JJ., concur.
 

 [1]
 

 . Section 943.0435(1 l)(b), Florida Statutes (2007), provides:
 

 (II) Except as provided in s. 943.04354, a sexual offender must maintain registration with the department for the duration of his or her life, unless the sexual offender has received a full pardon or has had a conviction set aside in a postconviction proceeding for any offense that meets the criteria for classifying the person as a sexual offender for purposes of registration. However, a sexual offender:
 

 [[Image here]]
 

 (b) As defined in sub-subparagraph (l)(a)l.b. must maintain registration with the department for the duration of his or her life
 
 *955
 
 until the person provides the department with an order issued by the court that designated the person as a sexual predator, as a sexually violent predator, or by another sexual offender designation in the state or jurisdiction in which the order was issued which states that such designation has been removed or demonstrates to the department that such designation, if not imposed by a court, has been removed by operation of law or court order in the state or jurisdiction in which the designation was made, and provided such person no longer meets the criteria for registration as a sexual offender under the laws of this state.